USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/12/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK GOLDBERG, as next friend of C.K.T.G. and A.S.G.,

                        Plaintiffs,

-against-

UNITED STATES OF AMERICA, et al.,

                        Defendants.

24-CV-6617 (JGLC) (KHP)

**ORDER GRANTING APPOINTMENT OF PRO BONO COUNSEL**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

On June 13, 2025, Plaintiff, Mark Goldberg, filed a motion for appointment of counsel for his two minor children, Plaintiffs C.K.T.G. and A.S.G. For the following reasons, Plaintiff's application is GRANTED.

**LEGAL STANDARD**

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for *pro bono* representation. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity"

of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant an indigent litigant's request for *pro bono* counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

On August 19, 2024, Plaintiff filed a Request to Proceed *in Forma Pauperis* (IFP), which the Court granted on September 10, 2024. (ECF No. 7) When Plaintiff filed his motion for appointment of counsel for Plaintiffs C.K.T.G. and A.S.G., Plaintiff affirmed that he continued to be of limited financial means. (EFC No. 46) Plaintiff therefore qualifies as indigent.

2

In the complaint, Plaintiff asserts claims for violations of the due process and equal protection clauses of the Fifth Amendment to the United States Constitution, discrimination based on financial burden, violation of the right to family integrity, and violation of procedural fairness under the Administrative Procedure Act alleging that on or about April 2024, Plaintiff submitted an application for a Consular Report of Birth Abroad ("CRBA"), participated in an interview on the application on May 8, 2024, and on June 6, 2024, the U.S. Embassy Philippines requested DNA tests to establish the biological relationship Plaintiff Mark Goldberg and C.K.T.G. and A.S.G. without providing an alternative means to prove the relationship and without considering the financial burden on Plaintiff of conducting DNA testing. The Court finds that Plaintiff's claims are "likely to be of substance" given the materials referenced in support of the claims and the seriousness of the allegations. *Hodge*, 802 F.2d 61-62.

The Court similarly finds that the other *Hodge* factors weigh in favor of granting Plaintiff's application. Of utmost significance, Plaintiffs C.K.T.G. and A.S.G. are minors who are incapable of properly investigating and putting on their case. Their father, Plaintiff Mark Goldberg, is legally blind, which limits his ability to assist with the case. Further, none of the Plaintiffs are trained in the law and there is nothing to suggest that they would be able to adequately investigate the crucial facts in this case or effectively present their case. This case also involves complex legal issues of both domestic and international laws that make it particularly difficult to navigate. And, Defendants have indicated that there may be conflicting evidence requiring cross-examination as the major proof presented to the fact finder. As such, representation by counsel would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for appointment of counsel for his two minor children, Plaintiffs C.K.T.G. and A.S.G., is GRANTED.

The Court advises Plaintiff that the process for securing pro bono representation can be lengthy. The Court circulates pending cases to the bar at regular intervals, after which an attorney must review the case and obtain necessary clearances before contacting the Plaintiff to discuss representation. For all these reasons, some time may pass before a litigant is contacted by an attorney; the process can be aided by Plaintiff's prompt response to any outreach. As the Court relies on volunteers, there is no guarantee that a volunteer attorney will decide to take the case or that, should the services of the volunteer be declined, the court will locate another. In either instance, Plaintiff should be prepared to proceed with the case pro se. The Court has established a Pro Bono Fund to encourage greater attorney representation of *pro se* litigants. *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.

SO ORDERED.

Dated:   August 12, 2025
         New York, New York

*Katharine H. Parker*
_____
KATHARINE H. PARKER
United States Magistrate Judge

4